UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACQUELYN A. VANDEHEY,
individually and on behalf of all others
similarly situated,

        Plaintiff,

v.                                               Case No. 18-C-1086

SEQUIUM ASSET SOLUTIONS, LLC and
JOHN DOES,

        Defendants.

## DECISION AND ORDER

Plaintiff Jacquelyn A. Vandehey, on behalf of herself and all others similarly situated, filed this action against Sequium Asset Solutions, LLC and several John Does (collectively, Sequium), alleging that Sequium violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692, *et seq.* Specifically, Vandehey alleges that a letter she received from Sequium that sought to collect a debt she owed failed to state the amount of the debt and the name of the creditor, in violation of § 1692g, and was false, deceptive, and misleading, in violation of § 1692e. Presently before the court is Sequium's motion to dismiss the complaint for failure to state a claim. For the reasons below, Sequium's motion will be granted in part and denied in part.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a plaintiff need not plead 'detailed factual allegations' to survive a motion to dismiss, she still must provide more than mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action' for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). When reviewing a motion to dismiss under Rule 12(b)(6), a court must "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In the FDCPA context, "a plaintiff fails to state a claim and dismissal is appropriate as a matter of law when it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (quoting *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004)).

**ALLEGATIONS OF THE COMPLAINT**

Vandehey alleges that she received a letter dated August 4, 2017 from Sequium, a debt collector, who sought to collect a debt she owed to a creditor. The August 4, 2017 letter, which is attached as an exhibit to the complaint, was the initial written communication Sequium sent to Vandehey to collect the Debt. Vandehey's debt is a financial credit card obligation that arose out

2

of one or more transactions entered into primarily for personal, family, and household purposes. The Debt was assigned to Sequium for the purpose of collection after Vandehey defaulted.

At the top of the letter is Sequium's name, address, phone number, and hours of operation. Below this information is a table labeled "Account Information," which lists the date, reference number, creditor name, account number, and the total due. The entry for "Creditor Name" is "BLAZE CREDIT CARD." ECF No. 1, Ex. A. Vandehey alleges that Blaze Credit Card is a financial product, not the name of a creditor, and therefore Sequium failed to name the creditor to whom the debt is owed. The "Total Due" is listed as $521.25. *Id.* A similar table with the same information appears in the bottom-right corner of the letter.

The body of the letter informs Vandehey of different payment options. Specifically, the letter states:

> If you would like to make a payment on your account we have three convenient ways to pay:
> - **Pay by phone:** Please call the number listed above and speak with a representative.
> - **Pay by Mail:** Please enclose the bottom portion of this letter with your payment.
> - **Pay Client Directly:** Pay from an old statement or contact the creditor directly.

*Id.* Vandehey alleges that the Pay Client Directly option is confusing and misleading to an unsophisticated consumer because the letter does not identify the "Client" or "the creditor" and because reference to an "old statement" when the letter already states a "Total Due" makes the amount due on the date of the letter unclear.

After the payment options and below Sequium's signature, the letter states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office

3

> will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different for [sic] the current creditor.

*Id.*

On the letter's left side, a table labeled "PAY ONLINE" informs Vandehey that she can pay on Sequium's website, which is a fourth, unenumerated payment option. Below Sequium's website URL is the statement: "We accept Visa & Mastercard." *Id.* Should Vandehey choose to mail a payment, the letter includes at the bottom of the first page a mailing slip that she is instructed to detach and return with payment. Above the mailing slip, the letter states in all caps that it is from a debt collector and is an attempt to collect a debt.

Vandehey filed this action alleging that Sequium's letter violates §§ 1692e and 1692g.[1] Vandehey seeks to represent a class and to obtain relief in the form of actual and statutory damages, as well as costs and reasonable attorneys' fees should she prevail.

## ANALYSIS

**A. Unsophisticated Consumer Standard**

Congress' express purpose in enacting the FDCPA was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 602 (2010). In this circuit, a debt collection letter's compliance with the FDCPA is evaluated under an "unsophisticated consumer" standard,

---

[1] Vandehey has withdrawn any potential claims related to Sequium's website or the disclosures under § 1692g(a)(5). ECF No. 16 at 16 n.2.

meaning the letter must "be clear and comprehensible to an individual who is 'uninformed, naive, [and] trusting' but not without a rudimentary knowledge about the financial world or incapable of making basic deductions and inferences." *Zemeckis*, 679 F.3d at 635 (quoting *Veach v. Sheeks*, 316 F.3d 690, 693 (7th. Cir. 2003)). An unsophisticated consumer "is wise enough to read collection notices with added care" and possesses "reasonable intelligence." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (citing *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 678 (7th Cir. 2007)). Moreover, "while our unwary debtor may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion." *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). Although the unsophisticated consumer "is not a dimwit," he does not parse collection letters like a patent lawyer construes a patent. *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012); *cf. Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

**B. FDCPA Claims**

Sequium moves to dismiss Vandehey's complaint on the grounds that she pleads no facts that support her claims that Sequium's letter failed to include the required validation information under § 1692g or was false, deceptive, or misleading under § 1692e. Vandehey first alleges that the letter failed to state the amount of the debt under § 1692g(a)(1). Although the letter lists $521.25 as the "Total Due" in two different places, Vandehey argues that the letter's statement that Vandehey can "pay from an old statement" adds "confusing other information (or misinformation)" that leaves an unsophisticated debtor confused as to what the amount of the debt is because, due to the addition of interest and late fees, the amount of debt on any "old statement" could be different than $521.25. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d

5

872, 876 (7th Cir. 2000). Sequium counters that the mere fact that a payment can be made from an old statement does not make the amount of the debt unclear because the total due as of the letter's date is readily available in two places in the letter. To be confused about the amount of debt would require, Sequium argues, a willful choice to remain ignorant of the stated amount of the debt.

Sequium's letter clearly and accurately states the amount of the debt. The letter plainly lists the "Total Due" as $521.25 in two places, which is "clear[] enough that the recipient is likely to understand it." *See Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004). Vandehey's argument that offering her the option to make a payment "from an old statement" adds confusing information about the amount of the debt is unconvincing. The letter's statement that Vandehey can "pay from an old statement" merely specifies a method of payment; it does not add confusing information such that an unsophisticated consumer would be confused as to the amount of the debt owed as of the date of the letter. Even if an unsophisticated consumer recognized that an old statement listed a different amount due, the consumer would not suddenly become confused about whether the amount on the old statement or the amount on the more recent letter reflected the balance as of the letter's date. Rather, the consumer would, as Sequium's letter states, "pay *from* an old statement," ECF No. 1, Ex. A (emphasis added). That is, the consumer would make a payment toward the August 4, 2017 amount due using any of the methods provided in a past statement. Moreover, the letter lists paying from an old statement as one of several methods for "making a payment." *Id.* That Vandehey can make a full or partial payment on her debt using the Pay Client Directly method does not somehow imply that the amount she owes is different than the amount listed on Sequium's letter. Because Sequium's letter accurately lists the amount of the debt, Vandehey states no claim under § 1692g(a)(1). Also, because less than a significant fraction of the

population would be misled by the letter's statement of the amount of debt, Vandehey also fails to state a claim under § 1692e related to the debt. *See Taylor*, 365 F.3d at 574.

Vandehey next alleges that Sequium failed to state the "name of the creditor to whom the debt is owed" in violation of § 1692g(a)(2). Vandehey alleges that Blaze Credit Card is a financial product and not the current creditor. According to Vandehey, then, Blaze Credit Card is not a "creditor" under § 1692a(4), which defines a "creditor" as "any *person* who offers or extends credit creating a debt or to whom a debt is owed." (emphasis added). Because a financial product is not a "person," Vandehey argues, Blaze Credit Card cannot be a "creditor" such that § 1692g(a)(2) is satisfied. Sequium argues that Vandehey's allegation that Blaze Credit Card is not the name of the creditor is a legal conclusion that cannot be accepted as true on a motion to dismiss. Sequium argues that courts have recognized that "any legitimate name under which the creditor operates could meet the requirements of § 1692g(a)(2)," *Blarek v. Encore Receivable Mgmt., Inc.*, No. 06-C-0420, 2007 WL 984096, at *7 (E.D. Wis. Mar. 27, 2007), meaning that listing Blaze Credit Card rather than the full incorporated business name of the creditor is sufficient to state the name of the creditor.

Vandehey's § 1692g(a)(2) claim survives because, at this stage in the litigation, "the full and complete name of the creditor is unknown, that is, at least to the court." *Schneider v. TSYS Total Debt Mgmt., Inc.*, No. 06-C-345, 2006 WL 1982499, at *3 (E.D. Wis. July 13, 2006). This court has recognized on several occasions that "[t]here may be multiple names for a creditor which an unsophisticated consumer could still perceive as being the correct name of the creditor." *Luzinski v. Arrow Fin. Servs., LLC*, No. 05-CV-1322, 2007 WL 2819556, at *2 (E.D. Wis. Sept. 26, 2007) (quoting *Blarek*, 2007 WL 984096, at *16); *see also Bode v. Encore Receivable Mgmt., Inc.*, No.

7

05-CV-1013, 2007 WL 2493898, at *7 (E.D. Wis. Aug. 30. 2007) ("Indeed, an unsophisticated consumer could perceive multiple names for a creditor as being the correct name of the creditor."). Even if Sequium's claim that Vandehey is more familiar with Blaze Credit Card than any other name associated with the creditor is true, no evidence in the record shows that the actual creditor, not the name of the credit card Vandehey used to incur the debt, operated under the name Blaze Credit Card or used that name from the inception of its relationship with Vandehey. Based on the undeveloped record now before the court, Blaze Credit Card is a financial product and not the name of the creditor. ECF No. 1 at ¶¶ 29–30. As the case progresses, Sequium is free to present evidence demonstrating that the actual creditor operated under, transacted as, or commonly used the name Blaze Credit Card and that Vandehey was, therefore, likely to understand that Blaze Credit Card was the de facto creditor as opposed to a credit card or some other entity. *See, e.g.*, *Luzinski*, 2007 WL 2819556, at *2 (granting summary judgment for debt collector on a § 1692g(a)(2) claim where the debtor previously made checks payable and mailed payments to the name listed as the creditor in the collection letter, when the actual creditor's name was different). Given the absence of such evidence in the present record, Vandehey states a claim under § 1692g(a)(2).

For the same reason that Vandehey's § 1692g(a)(2) claim survives, her related claim that Sequium's statement that Vandehey can "Pay Client Directly: Pay from an old statement or contact the creditor directly" is potentially misleading under § 1692e also survives. ECF No. 1, Ex. A. Because, at this stage, the court is unaware of who the creditor is and whether the creditor operated or transacted under the name Blaze Credit Card, "it would not be appropriate for the court to determine whether the unsophisticated debtor would be confused by" the letter's references to the "Client" and "the creditor." *See Schneider*, 2006 WL 1982499, at *3. Because an unsophisticated

8

consumer possesses "reasonable intelligence" and can make "basic deductions and inferences," *see Williams*, 505 F.3d at 678; *Veach*, 316 F.3d at 693, it is clear that the unsophisticated consumer would equate the "Client" with "the creditor" when reading the phrase "Pay Client Directly: Pay from an old statement or contact the creditor directly" as a whole. Sequium's use of a colon clarifies what "Pay Client Directly" entails. Following the colon is a statement that Vandehey can pay from an old statement or contact the creditor directly. The basic inference that follows is that the "Client" is the creditor listed on Sequium's letter and on an old statement. The mere reference to a "Client," therefore, would not be confusing or misleading to an unsophisticated consumer. Only because the record is unclear as to the identity of the creditor and whether Blaze Credit Card was, as Sequium claims, the de facto creditor name does Vandehey's § 1692e claim that relates to her § 1692g(a)(2) claim survive.

## CONCLUSION

For the foregoing reasons, Sequium's motion to dismiss (ECF No. 9) is **GRANTED** as to Vandehey's §§ 1692g(a)(1) and § 1692e claims related to the amount of the debt and **DENIED** as to all other claims. The Clerk is directed to set the matter on for a telephone scheduling conference.

Dated this  1st   day of February, 2019.

           s/ William C. Griesbach
           William C. Griesbach, Chief Judge
           United States District Court